UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MELVIN DELANEY, JR.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 08-1651 (RMC)** |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

On September 26, 2009, Melvin Delaney, Jr. and Melodie Venee Shuler[1] filed a

twenty-one count complaint against seventeen defendants and various unidentified D.C.

employees and correctional officers.[2]  The complaint alleges violations of federal and state law

arising from a District of Columbia criminal action against Mr. Delaney due to unpaid child

support, from a District of Columbia criminal action against Ms. Shuler based on an assault

charge, and from other circumstances.  Among the claims, Plaintiffs allege breach of contract

against Mr. Delaney's former employer, Shoppers Food Warehouse Corporation ("Shoppers"),

and breach of the duty of fair representation against the union that represented him when he

worked at Shoppers, the United Food and Commercial Workers Union Local 400 (the "Union").

The Union moves to dismiss for failure to state a claim because the Complaint is barred by the

---

[1] Mr. Delaney and Ms. Shuler also brought suit as next friend of their minor son, M.
Delaney.

[2] Plaintiffs are proceeding *pro se*.  Ms. Shuler has not appeared as counsel in this matter,
but she asserts that she is an attorney.

statute of limitations.  Shoppers moves to dismiss for lack of subject matter jurisdiction.  Their

motions will be granted, as explained below.

## I.  FACTS

The eighty-two page, twenty-one count Complaint is somewhat garbled.  Amid

the morass of claims, the Complaint asserts two counts against Shoppers and one against the

Union.  Mr. Delaney worked at Shoppers and was a member of the Union during the fall of 2006.

Compl. ¶ 117; Union's Mem. in Supp. of Mot. to Dismiss [Dkt. # 4] at 2.  He last worked at

Shoppers in November of 2006, prior to his arrest on November 11, 2006.  Pls.' Opp'n to

Union's Mot. to Dismiss [Dkt. # 11] at 6; Pls.' Mem. in Supp. of Mot. for Summ. J. [Dkt. # 21]

at 1.  He was incarcerated due to failure to pay child support from May 29, 2007 to September

25, 2007.  Compl. ¶ 20.  He sought to return to work at Shoppers when he was released from

prison, but Shoppers did not place him on the work schedule.  The Complaint alleges, "Mr.

Delaney repeatedly called the company and was repeatedly told he was not on the schedule

because human resources had to review the information he provided about his incarceration."

Compl. ¶ 128.  Count Seven alleges that Shoppers negligently garnished more of Mr. Delaney's

wages than permitted by law regarding the collection of child support.  *Id*. ¶¶ 117-120.  Count

Eight alleges that Shoppers breached Mr. Delaney's employment contract by terminating him and

breached an oral contract to rehire him.  *Id*. ¶¶ 121-135.  Count Nine alleges that the Union

breached its duty of fair representation by failing to assist him when he sought to return to work

at Shoppers.  *Id*. ¶¶ 136-139.

Shoppers and the Union both move to dismiss.  Ms. Shuler opposes and moves for

summary judgment.[3]  The motions to dismiss will be granted on their merits as set forth below.

## II.  STANDARD OF REVIEW

### A.  Failure to State a Claim Under Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated

a claim.  A complaint must be sufficient "to give a defendant fair notice of the claims against

him." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).  Although a complaint does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief  "requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." *Id.* at 1964-65 (internal citations omitted).  Rule 8(a) requires a

"showing" and not just a blanket assertion of a right to relief.  *Id.* at 1965 n.3.

---

[3] Mr. Delaney did not file any response to these motions to dismiss.  As he failed to contest the facts and the law, they are deemed conceded.  *See* LCvR 7(h) (facts set forth in motion for summary judgment are admitted if not controverted in response to summary judgment); *Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)).  Ms. Shuler and Mr. Delaney filed their Complaint *pro se*. Although Ms. Shuler contends to be an attorney, she has not filed an appearance on behalf of Mr. Delaney in this case, and in her capacity as a lay person, Ms. Shuler cannot represent Mr. Delaney.  *See Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (a lay person can appear *pro se* but is not qualified to appear as counsel for others); *see generally* Order to Show Cause [Dkt. # 28].  Thus, her opposition to Shoppers and the Union's motions and her cross motions for summary judgment were not filed on behalf of Mr. Delaney.  The motions filed by Shoppers and the Union can be granted as conceded as against Mr. Delaney.  Even if Ms. Shuler's filings were deemed to speak for Mr. Delaney, the motions filed by Shoppers and the Union would be granted on their merits as explained below.  Recognizing that Ms. Shuler in her *pro se* capacity can only file on her own behalf, for ease of reference, the responses to the motions to dismiss are referred to as "Plaintiffs' Oppositions" and Ms. Shuler's cross motions for summary judgment are referred to as "Plaintiffs' motions for summary judgment."

On a motion to dismiss, a court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Courts are hesitant to grant a motion to dismiss based on the statute of limitations unless the facts that give rise to the defense are clear on the face of the complaint. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577-78 (D.C. Cir. 1998). In deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). Once a claim has been stated adequately, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1968-69.

### B.  Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Because "subject matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia*, 334 F.3d at 64; *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III.  ANALYSIS

### A.  Claim Against the Union

A six-month statute of limitations applies to a breach of duty of fair representation claim like that Plaintiffs filed against the Union. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-72 (1983) (six-month limitations period found in the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b), applies to hybrid suit against the employer and the union for breach of contract/duty of fair representation); *George v. Local 639*, 100 F.3d 1008, 1014 (D.C. Cir. 1996) (six-month statute of limitations applies to suits where only the union is sued). The statute of limitations begins running when a plaintiff knew or should have known that the union had stopped pursuing his grievance. *Cephas v. MVM, Inc.*, 520 F.3d 480, 488 (D.C. Cir. 2008) (citing *Sanders v. Hughes, Aircraft Co.*, 26 F.3d 132 (Table), 1994 WL 227971 (9th Cir. 1994)); *see also Watkins v. Commc'n Workers*, 736 F. Supp. 1156, 1160 (D.D.C. 1990) (timeliness is measured from when the employee knew or should have known of the last action taken by the

union which constituted the breach of duty of fair representation).

The duty of fair representation claim in this case is based on the Union's alleged failure to pursue Mr. Delaney's grievance against Shoppers. The statute of limitations on this claim began at the time Mr. Delaney knew or should have known that the Union stopped pursuing his grievance. The Complaint alleges that "[f]rom December of 2007 to January of 200[8] Mr. Delaney continuously called the Union that he paid dues for but was repeatedly told that he would be called back." Compl. ¶ 138.[4] Mr. Delaney should have known that the Union was not pursuing his grievance by the end of January 2008. He had been incarcerated from May 29, 2007 to September 25, 2007; by the end of January 2008 he had been unemployed for eight months and freed from incarceration for four months. He should have known that he was not employed and the Union was not going to process his grievance for whatever reason. Thus, the statute of limitations began to run at the end of January 2008, and expired six months later at the end of July 2008. Because Plaintiffs did not file the Complaint in this case until September 26, 2008, the breach of duty of fair representation claim is time-barred.

Plaintiffs argue that equitable tolling should apply because the Union failed to return his phone calls. Pls.' Opp'n at 6-7. Equitable tolling applies to hybrid claims only when a plaintiff, despite due diligence, is unable to obtain vital information bearing on the existence of his claim. *Dove v. WMATA*, 402 F. Supp. 2d 91, 97-98 (D.D.C. 2005). Plaintiffs do not argue that despite due diligence Mr. Delaney was unable to file suit within the six month statute of limitations period. Failure to return phone calls does not constitute affirmative misconduct that

---

[4] Although the Complaint reads "from December of 2007 to January of 2007," Plaintiffs intended to state from "from December 2007 to January *2008*." *See* Pls.' Mem. in Supp. of Mot. for Summ. J. [Dkt. # 21] at 2.

would give rise to equitable tolling.

### B.  Claims Against Shoppers

Plaintiffs allege that Shoppers breached Mr. Delaney's employment contract by

terminating him, negligently garnished more of his wages than permitted by law, and breached an

oral contract to rehire Mr. Delaney.  There is no dispute that Mr. Delaney's employment with

Shoppers was subject to a collective bargaining agreement ("CBA") between Shoppers and the

Union.  The CBA provides for a grievance procedure and arbitration.  Shoppers' Opp'n to Pls.'

Mot. for Summ. J. [Dkt. # 36] at 3 (quoting CBA Art. 20).  Mr. Delaney failed to file a grievance

or submit his claim to arbitration.  *See* Compl. ¶ 39 (alleging that Mr. Delaney called the Union

and the Union failed to call him back).

Employees must avail themselves of grievance and arbitration procedures

provided by a CBA before filing suit.  *Am. Postal Workers Union v. U.S. Postal Service*, 755 F.

Supp. 1076, 1078 (D.D.C. 1989) (citing *Republic Steel Corp. v Maddox*, 379 U.S. 650, 652

(1965)).  "By agreeing to arbitrate, a party 'trades the procedures and opportunity for review of

the court[ ]  for the simplicity, informality, and expedition of arbitration."  *Gilmer v.*

*Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (citiation omitted).  An individual who

agrees to arbitrate does not forego any substantive rights afforded by statute; he merely submits

to resolution in an arbitral rather than a judicial forum.  *Id.* at 26.  Because the Mr. Delaney failed

to grieve and arbitrate his claim regarding his termination, he has failed to exhaust contractual

remedies.  Accordingly, the breach of employment contract claim against Shoppers is dismissed

without prejudice.

With regard to the remaining state law claims against Shoppers, the claims for

negligent garnishment and breach of an alleged oral contract to rehire, the Court declines to

exercise supplemental jurisdiction.  To determine when jurisdiction over a state law claim is

appropriate, a court must determine whether the state law claims are part of the same controversy

as the federal law claims, *i.e.*, whether they "derive from a common nucleus of operative fact."

*United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *accord Decatur Liquors, Inc. v.*

*District of Columbia*, 478 F.3d 360, 362 (D.C. Cir. 2007).  If the state law claims are part of the

same controversy, the court then decides whether it will exercise its discretion to assert

jurisdiction over the state law claims, considering judicial economy, convenience, and fairness to

the litigants, *Gibbs*, 383 U.S. at 725-26, as well as comity between federal and state courts.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Stevenson v. Severs*, 158

F.3d 1332, 1334 (D.C. Cir. 1998).  "There may be reasons independent of jurisdictional

considerations, such as the likelihood of jury confusion in treating divergent legal theories of

relief, that would justify separating state and federal claims for trial, Fed. R. Civ. P. 42(b).  If so

jurisdiction should ordinarily be refused."  *Gibbs*, 383 U.S. at 726.

Congress essentially codified *Gibbs* in 28 U.S.C. § 1367.  *Edmondson &*

*Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995).  Section 1367

provides:

> (a)  Except as provided in subsections (b)[5] and (c) or as expressly
> provided otherwise by Federal statute, in any civil action of which
> the district courts have original jurisdiction, the district courts shall
> have supplemental jurisdiction over all other claims that are so
> related to claims in the action within such original jurisdiction that
> they form part of the same case or controversy under Article III of
> the United States Constitution.

---

[5] Because 28 U.S.C. 1367(b) relates to diversity jurisdiction, it is not relevant here.

. . . .

> (c)  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if —
>
>> (1)  the claim raises a novel or complex issue of State law,
>>
>> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3)  the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.  On one hand, § 1367 does not restrict the district court's discretion to decline supplemental jurisdiction.  *Diven v. Amalgamated Transit Union Int'l*, 38 F.3d 598, 601 (D.C. Cir. 1994).  On the other, a district court's ability to decline to exercise supplemental jurisdiction is circumscribed by the provisions of the statute.  *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006).  In declining jurisdiction the district court must analyze its reasons in light of the provisions of § 1367(c) and must balance the interests of economy, convenience, fairness, and comity.  *Id*. at 424-25.

Plaintiffs assert that the claims for negligent garnishment and breach of contract to rehire are part of the same controversy raised by Plaintiffs' claims of breach of employment contract and breach of duty of representation.  However, having dismissed such federal law claims against Shoppers and the Union, it is appropriate to decline supplemental jurisdiction over the allegedly related state law claims.  *See* 28 U.S.C. § 1367(c)(3).  The Complaint does raise

other federal law claims, but those are unrelated to the employment and garnishment claims against Shoppers and the Union. *See, e.g.*, Compl. ¶¶ 42-58 (Count 1, due process claim regarding handling of child support orders against the District of Columbia); ¶¶ 140-148 (Count 10, First Amendment free speech and access to the courts claim against the District and its employees); ¶¶ 154-160 (Count 12, Fifth Amendment claim regarding Ms. Shuler's access to her clients against the District and its employees). Thus, the Court will decline supplemental jurisdiction over the claims of negligent garnishment and breach of contract to rehire.

## IV. CONCLUSION

For the reasons stated above, the motion to dismiss filed by the Union [Dkt. # 4] will be granted, and the Union will be dismissed as a party to this suit. The motion to dismiss filed by Shoppers [Dkt. #7] will be granted, and Shoppers will be dismissed without prejudice due to failure to exhaust contractual remedies. Plaintiffs' motions for summary judgment against the Union [Dkt. # 21] and against Shoppers [Dkt. # 20] as well as Shopper's motion to stay consideration of Plaintiffs' motion for summary judgment [Dkt. # 35] will be denied as moot. A memorializing order accompanies this Memorandum Opinion.

Date: May 4, 2009                                 _____/s/_____
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge